IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN STEARNS                                                                                     PLAINTIFF

v.                                            Civil No. 5:23-cv-05061

SHERIFF JAY CANTRELL, Washington                                                          DEFENDANTS
County, Arkansas; ZACHARY CAUSEY,
Karas Medical Staff; MICHAEL MOORE,
Karas Medical Staff; and KARAS HEALTH
CARE COMPANY, LLC

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Justin Stearns (Stearns), filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained at the Washington County Detention Center (WCDC). He proceeds *pro se* and *in forma pauperis* (IFP).

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Stearns' failure to obey the Orders of the Court.

### I. DISCUSSION

Stearns was incarcerated in the WCDC when he filed his Complaint. (ECF No. 1). When he filed this case, Stearns was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 3). If Stearns was transferred or released, he was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify

the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On July 13, 2023, Sheriff Cantrell filed a Motion for Summary Judgment on the issue of exhaustion. (ECF No. 12). That same day, an Order was entered requiring Stearns to file his response by August 3, 2023. (ECF No. 15). On July 26, 2023, the Court received returned mail with a notation that Stearns was no longer at the WCDC. No forwarding address was provided. The mail returned was the Court Order requiring Stearns to respond to the Summary Judgment Motion. (ECF No. 15).

Stearns had thirty days, or until August 25, 2023, to advise the Court of his new address. To date, Stearns has not provided a new address or contacted the Court in anyway. The last documents filed by Stearns in this case were his Complaint and application to proceed IFP filed on April 20, 2023. (ECF Nos. 1 & 2).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Stearns failed to comply with the Court Order directing him to provide a new address and failed to prosecute this case.

## II. CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of September 2023.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE